

FILED & JUDGMENT ENTERED
David E. Weich

Jun 29 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

IN RE:

JACK V. SMITH                     )     CASE NO.: 06-10223
                                  )
         Debtor                   )     CHAPTER 11
                                  )

ORDER APPOINTING CHAPTER 11 TRUSTEE

THIS MATTER came on for hearing before the undersigned United States Bankruptcy Judge on June 21, 2006 in Asheville, North Carolina upon the Motion for Order Converting Case to Chapter 7 Case or, in the alternative, for Appointment of a Chapter 11 Trustee filed by First-Citizens Bank & Trust Company ("First Citizens") filed on May 15, 2006 [Docket Entry No. 23] (the "Motion") and the Debtor's Response thereto filed on May 31, 2006 [Docket Entry No. 26].  Paul A. Fanning appeared for First Citizens and David G. Gray appeared for the Debtor.  After reviewing the Motion, the Response, the Court's entire file, the evidence, testimony and arguments presented at the hearing, the Court makes the following Finds of Fact, Conclusions of Law and Order:

1.      On April 5, 2006, Jack V. Smith ("Smith" or "Debtor"), filed a voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code.

      2.      First Citizens is a duly-scheduled creditor of the Debtor.

      3.      This Court has jurisdiction to hear this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

      4.      This Court has authority to hear this matter pursuant to the General Order of Reference entered by the United States District Court for the Western District of North Carolina.

      5.      Smith is the president, CEO and one hundred percent (100%) stockholder of Sciteck, Inc.  Sciteck, Inc. is a holding company which controls the business activities and assets of various affiliated companies, including, but not limited to, Sciteck Clinical Laboratories, Inc. and Sciteck Diagnostics, Inc. (collectively, "Sciteck").  Sciteck is Chapter 11 Debtor before this Court under Case No. 06-10013.

      6.      The evidence presented to the Court establishes cause for a Chapter 11 Trustee to be appointed in this case to oversee the financial transactions of the Debtor.

      7.      The Court finds that Smith has established a remarkable pattern of misdealing, nondisclosures and inappropriate conduct.  There is a lack of adequate oversight of the Debtor's financial transactions and there is some evidence of potentially questionable transfers by the Debtor to or from his companies and insiders.  Based on the level of distrust among the creditors, a Chapter 11 Trustee is appropriate.

      8.      The Court finds that the Debtor may have reasonable prospects for continuing its operations and reorganizing its businesses.  The Court also finds that Smith's work may be valuable to the reorganization of Sciteck.

      9.      The Court finds and concludes that conversion is not appropriate at this time and that the appointment of a Chapter 11 Trustee in this case is in the best interests of the creditors and this estate.

      10.      The Court further concludes that Mark Toland is an appropriate selection for Chapter 11 Trustee in this case.

      11.      Pursuant to 11 U.S.C. § 1104, the Court hereby appoints Mark Toland as Chapter 11 Trustee in this case to perform the duties as set forth in 11 U.S.C. § 1106.

12. The Court hereby enjoins the Debtor from making any transfer of assets from the Debtor's estate, the estate of Sciteck (including New Ventures Associates, LLC) without the prior approval of this Court. Notwithstanding the foregoing prohibition, the Debtor and Sciteck may make ordinary course of business transfers if they are approved in advance by Mark Toland.

13. The Court hereby directs the Trustee to appear before this Court (100 Otis Street, Asheville, North Carolina) on July 19, 2006 at 9:30a.m. to provide the Court, the Debtor and First Citizens with an oral or written Interim Report on the status of this case and the bankruptcy case of Sciteck. Such report should contain a summary of the financial affairs and health of both Debtors, the status of cooperation from the Debtors and any requests for additional information, documentation or cooperation from the Debtors (Smith and Sciteck).

14. The Court hereby orders the Debtor to provide to the Trustee, First Citizens and Dade Behring within ten (10) days from the date of entry of this Order a full and complete description of any patents claimed to be owned or controlled by Smith or Sciteck, in whole or in part, the extent of the ownership interest, the estimated value of each and the basis for said valuation.

**IT IS SO ORDERED**.

This order has been signed electronically.
The Judge's signature and Court's seal
appear at the top of the Order.                                            United States Bankruptcy Court